IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC.,<br><br>Plaintiffs,<br><br>v.<br><br>POSITEC USA, INC. and RW DIRECT, INC.,<br><br>Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Black & Decker Inc. and Black & Decker (U.S.) Inc. complain of Defendants Positec USA, Inc. and RW Direct, Inc. as follows:

### NATURE OF THE ACTION AND PARTIES

1. This Complaint alleges a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

2. Black & Decker Inc. ("BDI") is a Delaware corporation having its principal place of business at 1207 Drummond Plaza, Newark, DE 19711.

3. Black & Decker (U.S.) Inc. ("BDUS") is a Maryland corporation having its principal place of business at 701 East Joppa Road, Towson, MD 21286. BDUS is a subsidiary of BDI.

4. Collectively, Plaintiffs are a leading worldwide designer, manufacturer, and provider of yard care equipment sold under the Black & Decker® brand name.

5. Positec USA, Inc. ("Positec") is a North Carolina corporation having its principal place of business at 10130 Perimeter Parkway, Suite 300, Charlotte, NC 28216.

6. RW Direct, Inc. ("RW Direct") is a North Carolina corporation having its principal place of business at 10130 Perimeter Parkway, Suite 300, Charlotte, NC 28216.

## JURISDICTION AND VENUE

7. Positec sells tools and equipment under the WORX® brand name, including the Accused Products (as defined below), in this judicial District and throughout the United States.

8. The Court has personal jurisdiction over Positec because it transacts business in this District, at least by offering to sell, selling, and/or advertising the Accused Products in such a way as to reach customers in Illinois and this judicial District, including through retail stores located in this District. Positec has specifically committed acts of infringement in this judicial District.

9. RW Direct sells tools and equipment under the WORX® brand name, including the Accused Products, in this District.

10. The Court has personal jurisdiction over RW Direct because it transacts business in this District, at least by offering to sell, selling and/or advertising the Accused Products in such a way as to reach customers in Illinois and this judicial District, including through the Internet via websites such as, for example, www.worx.com. RW Direct has specifically committed acts of infringement in this judicial District.

11. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## PATENT INFRINGEMENT

12. BDI is the owner of United States Patent No. 5,544,417, entitled "Multi-Purpose Motor Mounting System for a String Trimmer" and which issued on August 13, 1996 ("the '417 patent").

13. BDUS is the exclusive licensee under the '417 patent.

14. Plaintiffs have standing to sue for infringement of the '417 patent because they collectively own all right, title and interest in and to the '417 patent, including the right to collect for past damages.

15. Plaintiffs and Positec directly compete with each other for the sale of yard care equipment in the United States.

16. Plaintiffs and RW Direct directly compete with each other for the sale of yard care equipment in the United States.

17. Positec has infringed, infringes, and will continue to infringe the '417 patent – including but not limited to, for example, claim 16 of the '417 patent under 35 U.S.C. § 271(g) – through its use, sale, importation, and/or offer for sale in the United States of WORX®-branded grass trimmers, including but not limited to the WORX® WG155 grass trimmer and other WORX® trimmers with different model numbers that have the same structure and operate in the same manner ("the Accused Products").

18. Positec imports WORX®-branded grass trimmers into the United States.

19. Positec imports the WORX® WG155 grass trimmer into the United States.

20. Positec imports the Accused Products into the United States.

21. Positec sells WORX®-branded grass trimmers in the United States.

22. Positec sells the WORX® WG155 grass trimmer in the United States.

23. Positec sells the Accused Products in the United States.

24. Positec offers to sell WORX®-branded grass trimmers in the United States.

25. Positec offers to sell the WORX® WG155 grass trimmer in the United States.

26. Positec offers to sell the Accused Products in the United States.

27. Positec uses WORX®-branded grass trimmers in the United States.

28. Positec uses the WORX® WG155 grass trimmer in the United States.

29. Positec uses the Accused Products in the United States.

30. Positec has had knowledge of its infringing activities with respect to the '417 patent since at least the filing of this Complaint.

31. RW Direct has infringed, infringes, and will continue to infringe the '417 patent – including but not limited to, for example, claim 16 of the '417 patent under 35 U.S.C. § 271(g) – through its use, sale, importation, and/or offer for sale in the United States of the Accused Products.

32. RW Direct imports WORX®-branded grass trimmers into the United States.

33. RW Direct imports the WORX® WG155 grass trimmer into the United States.

34. RW Direct imports the Accused Products into the United States.

35. RW Direct sells WORX®-branded grass trimmers in the United States.

36. RW Direct sells the WORX® WG155 grass trimmer in the United States.

37. RW Direct sells the Accused Products in the United States.

38. RW Direct offers to sell WORX®-branded grass trimmers in the United States.

39. RW Direct offers to sell the WORX® WG155 grass trimmer in the United States.

40. RW Direct offers to sell the Accused Products in the United States.

41. RW Direct uses WORX®-branded grass trimmers in the United States.

42. RW Direct uses the WORX® WG155 grass trimmer in the United States.

43. RW Direct uses the Accused Products in the United States.

44. RW Direct has had knowledge of its infringing activities with respect to the '417 patent since at least the filing of this Complaint.

45. Defendants' infringement has directly injured Plaintiffs, and Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

46. Defendants' infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation, and/or offer for sale of products that come within the scope of the claims of the '417 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Defendants Positec USA, Inc. and RW Direct, Inc., and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of Plaintiffs and against Positec USA, Inc. and RW Direct, Inc.;

B. An award of damages adequate to compensate Plaintiffs for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. Increased damages as permitted under 35 U.S.C. § 284;

D. A finding that this case is exceptional and an award to Plaintiffs of their reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

E. A permanent injunction prohibiting further infringement, inducement, and/or contributory infringement of the '417 patent; and,

F. Such other relief to which Plaintiffs are entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

    /s/ Raymond P. Niro, Jr.
Raymond P. Niro, Jr.
Frederick C. Laney
Joseph A. Culig
Oliver D. Yang
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
RNiroJr@nshn.com; Laney@nshn.com;
JCulig@nshn.com; OYang@nshn.com

Attorneys for Plaintiffs
