IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., | Case No. 1:13-cv-3075 |
| Plaintiffs, | Judge Joan B. Gottschall<br>Magistrate-Judge Maria Valdez |
| v. | |
| POSITEC USA INC. and RW DIRECT, INC. | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY LITIGATION
PENDING *INTER PARTES* REVIEW OF THE PATENT-IN-SUIT**

## I.    INTRODUCTION

Plaintiffs Black & Decker Inc. and Black & Decker (U.S.) Inc., (collectively "Plaintiffs") oppose the "Motion To Stay Litigation Pending *Inter Partes* Review of the Patent In Suit," brought by Defendants Positec USA Inc. and RW Direct, Inc. (collectively "Defendants") on August 9, 2013. Defendants brought their motion to stay this litigation on the same day as they petitioned the Patent Office to review U.S. Pat. No. 5,544,417 (the "patent-in-suit"). But Defendants' motion puts the cart before the horse: ***no IPR proceeding has been initiated*** by the Patent Office in this matter.[1]  As courts have logically recognized, there is simply no reason to stay litigation merely because Defendants have petitioned the Patent Office to review the asserted patent:

> In view of [the Patent Office's] administrative framework, it seems clear that a stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for *inter partes* review was filed in the USPTO. All in all, a petition can be pending before the USPTO for up to six months before the agency decides to "initiate" an *inter partes* review. This six months is a kind of limbo that requires the court and the parties to wait while the USPTO makes its decision. If it chooses not to proceed, then this action will have been left languishing on the Court's docket with no discovery, no positioning of the parties on claim construction, and no dispositive motions. Put simply, the parties will be no closer to trial in a type of case that requires "early substantive disclosure" in order to efficiently manage discovery and pretrial motion practice.

*Automatic Mfg. Systems, Inc. v. Primera Technology, Inc.*, 2013 WL 196924, at *3 (M.D. Fla., May 13, 2013) (citing Peter S. Menell, et al., *Patent Case Management Judicial Guide* 2–20 (2d ed.2012)) (denying motion to stay).

---

[1] Prior to the America Invents Act ("AIA"), a party could petition the Patent Office for *inter partes* reexamination of an issued patent. The new, post-AIA procedure is called *inter partes* review, commonly referred to as IPR. The Patent Office reviews a petition for IPR, but will not institute an IPR (also referred to as a trial) of the patent at issue unless the petitioner demonstrates a "reasonable likelihood" of prevailing. 35 U.S.C. § 314.

Unless and until the Patent Office grants Defendants' petition – a decision that could take up to six months – there is no meaningful reason to entertain a motion to stay this case, which has already proceeded through the Local Patent Rules' initial contention stage of discovery. Staying the present litigation before the Patent Office even determines whether to grant Defendants' IPR petition would put the parties in limbo for months, during which no discovery can be taken. This unwarranted delay is particularly prejudicial to Plaintiffs because the asserted patent expires in October 2014. The next six months should be spent advancing Plaintiffs' case, not waiting for the Patent Office's decision.

But even if the Patent Office does grant Defendants' IPR petition, staying this case is still inappropriate. As discussed below, courts have denied motions to stay even where the Patent Office granted an IPR petition. For example, the case law explains that the competition between Plaintiffs and Defendants in the market for grass trimmers is a particularly relevant fact that weighs against staying this case.

## II.    DEFENDANTS' MOTION FOR A STAY IS PREMATURE
##       BECAUSE THEIR IPR PETITION HAS NOT BEEN GRANTED

Defendants' motion relies on the false presumption that the Patent Office will automatically grant Defendants' petition in its entirety, ignoring the fact that the Patent Office has not been granting IPRs as freely as petitions under the old *inter partes* reexamination procedure. The mere filing of an IPR petition does not require the Patent Office to institute an IPR proceeding; therefore there is no reason to spend the next six months awaiting the Patent Office's determination.

*First*, Defendants' contention that "the IPR process will either eliminate the need for trial by invalidating the Asserted Claim or it will streamline the remaining issues for trial" (Dkt. No. 24 at p. 2) presumes that Defendants' petition is granted in the first place – a presumption that

may not be verified until early next year. Once a petition for an IPR is filed, Plaintiffs, as the patent owners, have three months to file a preliminary opposition to the petition. 37 C.F.R. § 42.107. The Patent Office will then determine whether to institute an IPR within three months after receiving the preliminary response from the patent owner (or, if no response is filed, the last date upon which such a response can be filed). 35 U.S.C. § 314(b). Thus, the Patent Office may not actually determine whether to grant Defendants' petition until February 2014 – a likelihood which makes Defendants' motion premature. Waiting until February, 2014 is particularly prejudicial in this case because the asserted patent expires in October, 2014. If the case were stayed, the parties would effectively spend half of the remaining patent term waiting for the Patent Office's determination of whether the '417 patent should even be reviewed. There would be no resolution of any issues – before this Court or the Patent Office – during this six month window.

*Second*, the Patent Office will grant an IPR petition only where a petitioner (here, Defendants) establishes a reasonable likelihood that they will prevail on at least one claim. 35 U.S.C. § 314(a). Notably, this standard is more stringent than the "substantial new question of patentability" standard previously used for reexaminations. 35 U.S.C. § 312(a) (2011), *amended by* 35 U.S.C. § 314 (2012). Indeed, the Patent Office is closely scrutinizing the basis and evidence offered by an IPR petitioner in support of unpatentability. Unlike with *inter partes* reexaminations which, according to Defendants, were granted 94% of the time (D.I. 24, p. 6 n.3), the Patent Office has already demonstrated that the percentage of granted IPR petitions will be much lower. *See Synopsys, Inc. v. Mentor Graphics Corp.*, slip op. IPR2012-00041 (PTAB Feb. 2, 2013) (Paper No. 16) (denying *inter partes* review entirely); *Universal Remote Control, Inc. v. Universal Electronics, Inc.*, IPR2013-00152 (PTAB August 19, 2013) (denying *inter partes* review entirely); see also decisions only partially granting an IPR petition: IPR2012-00001,

Petitioner Garmin International, Inc.; IPR2012-00004, Petitioner Macauto U.S.A.; IPR2012-0026, Petitioner Microsoft Corporation; IPR2012-00042, Petitioner Synopsis, Inc.; etc. Plaintiffs believe that Defendants' petition falls in this group and will be denied in its entirety. In fact, in responding to Defendants' initial invalidity contentions, Plaintiffs have already identified numerous deficiencies in Defendants' invalidity positions with respect to each of the prior art references identified in the IPR petition.

It is also important to consider that Defendants' IPR petition seeks review of claims 1-5, 7-10, 12-14, and 16-18, and the Patent Office determines whether to grant an IPR on a claim-by-claim basis. See 37 C.F.R. § 42.208 ("[w]hen instituting post-grant review, the Board may authorize the review to proceed on all or some of the challenged claims and on all or some of the grounds of unpatentability asserted for each claim."). As a result, there is a possibility that the Patent Office only grants Defendants' petition with respect to claims that are not even at issue in this litigation. Thus, if the Patent Office decides not to review the claims currently asserted by Plaintiffs, then the IPR process would have no bearing on the outcome of this case. This uncertainty further counsels against staying this litigation at this current time.

*Third*, courts routinely refuse to issue stays where an *inter partes* reexamination or IPR petition has not yet been granted. *See, e.g.*, *Davol, Inc. v. Atrium Med. Corp.*, 2013 WL 3013343, at *2 (D. Del. June 17, 2013) (denying stay where "[t]he PTO has not yet decided whether to grant [the petition]" and recognizing "that such a delay risks unnecessarily impairing [Plaintiff's] patent rights"); *Automatic Mfg. Systems, Inc. v. Primera Technology, Inc.*, 2013 WL 1969247 at *2-*3 (quoted in Introduction, denying stay because waiting for the Patent Office determination puts the parties "in limbo"); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 2013 WL 1876459, at *7 (C.D. Cal. May 2, 2013); *ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*, 2012 WL 3866677, *1-*5 (D. Del. 2012), adopted with slight

modification, 2012 WL 5599338 (D. Del. Nov. 15, 2012). Numerous courts have, in their discretion, declined to stay litigation even in the face of *inter partes* reexaminations that were actually granted (discussed *infra*), thereby further highlighting the inappropriateness of a stay where the institution and the scope of an IPR proceeding have yet to be determined.

### III. IF DEFENDANTS' PETITION IS ULTIMATELY GRANTED, A STAY IS STILL NOT WARRANTED

Even assuming *arguendo* that the Patent Office determines that at least one of the claims of the patent-in-suit will be submitted to an IPR, a stay of this litigation is not warranted. While federal courts have the inherent power to stay proceedings pending an *inter partes* reexamination (pre-AIA) or IPR (post-AIA), they are not obligated to do so. *See, e.g., Imagevision.net, Inc. v. Internet Payment Exch., Inc.*, 2013 WL 663535 (D. Del. Feb. 25, 2013) (having previously denied defendants' motion to stay while decision on IPR petition was pending, denying defendants' motion to stay again even after PTO decided to grant IPR petition); *Tokuyama Corp. v. Vision Dynamics, LLC*, 2008 WL 4452118, at *2 (N.D. Cal. Oct. 2, 2008) ("[A] court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze."). Automatically granting a stay "would invite parties to unilaterally derail litigation" by seeking reexamination and thus a corresponding stay. *eComSystems, Inc. v. Shared Mktg. Servs.*, 2011 WL 280942, at *2 (M.D. Fla. Jan. 26, 2011) (internal citations and quotations omitted). Courts have denied motions to stay under circumstances similar to those present here. *See, e.g., Shurtape Techs., LLC v. 3M Co.*, 2013 U.S. Dist. LEXIS 28815 (W.D.N.C. Mar. 1, 2013) (holding that a stay would constitute undue prejudice to plaintiff, and provide no guarantee of benefits to the parties or the court, such as a savings to the litigants or judicial efficiency); *Avago Techs. Fiber IP (Sing.) Pte Ltd. v. IPtronics Inc.*, 2011 WL 3267768, at *6 (N.D. Cal. July 28,

2011) (denying stay on basis that interests of justice would be better served by keeping the case on track for claim construction and trial, while considering any Patent Office actions as they issue); *ESCO Corp. v. Berkeley Forge & Tool, Inc.*, 2009 WL 3078463, at *4 (N.D. Cal. Sept. 28, 2009) (exercising discretion to deny motion to stay proceedings pending reexamination of patents-in-suit).

As Defendants note, a court considering whether to stay litigation pending an IPR considers (1) undue prejudice or tactical disadvantage to the non-movant; (2) whether the issues in question will be simplified and streamlined for trial; and (3) whether the burden of litigation will be reduced. (D.I. 24, p. 8). All these factors weigh against granting a stay.

### A. Plaintiffs Would Be Unduly Prejudiced By A Stay

Plaintiffs will be prejudiced by any stay. If granted, a stay will delay Plaintiffs' right to have its claims against Defendants heard by this Court by up to two (2) years.[2] In contrast, Defendants do not even contend that they will suffer any hardship if a stay is denied. The only hardship that can be gleaned from Defendants' motion for a stay is a purported waste of resources. But the burden of complying with discovery under the Federal Rules of Civil Procedure is not the sort of hardship that justifies delaying Plaintiffs' day in court. As already mentioned above, the asserted patent has a limited remaining patent term, and the time remaining on the patent should be spent adjudicating all disputed issues, not just Defendants' invalidity arguments under 35 U.S.C. §102 and §103.

---

[2] After an IPR petition is filed, the Patent Owner has up to three months to file an optional preliminary response. 37 C.F.R. § 42.107(b). Then, the Patent Office has three months to determine whether to grant the IPR petition. 35 U.S.C. § 314(b). If a review is instituted, the Patent Office must make a final determination within one year, extendable by up to six months for good cause. 37 C.F.R. § 42.100. Combined, the IPR process can therefore take up to two years.

In addition, the "undue prejudice" analysis often focuses on four sub-factors: (1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties. *See, e.g., Davol, Inc. v. Atrium Medical Corp.*, 2013 WL 3013343 at *2. Plaintiffs submit that the first three factors weigh against a stay since Defendants' request is premature. Defendants have only filed a petition for IPR. The Patent Office has not yet determined whether to institute a review. But more important to this case is the fourth factor, which focuses on the relationship between the parties, specifically on "whether the parties are direct competitors." *Id*. at *3. Here, the parties compete directly in the marketplace for grass trimmers. For example, a customer purchasing a grass trimmer at Lowe's must decide between purchasing Plaintiffs' LCC220 trimmer (Exhibit 1), or Defendants' infringing WG155 trimmer (Exhibit 2). See also Complaint, D.I. 1, ¶15-16. As other courts have recognized, in situations such as this, "there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of good will." *Id*.

Moreover, the parties have already proceeded to exchange initial infringement contentions and initial invalidity contentions. At no time did Defendants mention any intent to seek an IPR. If Defendants truly wanted to save the Court's and the parties' resources, they could have done so months earlier. Defendants' delay and sudden concern with "wasted" resources evidences a tactical decision to the prejudice of Plaintiffs.

**B.      Granting A Stay Would Not Simplify The Issues**

Defendants argue that the IPR proceeding will simplify the issues in this case regardless of its outcome because "both parties will be estopped from re-litigating the same invalidity issues that were raised or reasonably could have been raised during the IPR." (D.I. 24, p. 6). Although the AIA includes an estoppel provision that bars Defendants from litigating issues that were

"raised or reasonably could have [been] raised" in an IPR, 35 U.S.C. § 315(e)(2), will Defendants later attempt to argue that their prior art argument could not have been raised in their IPR petition once this Court issues a claim construction order? In other words, does Defendants' IPR petition estop them from bringing any invalidity argument under § 102 and § 103, regardless of any claim construction order that this Court issues or any expert testimony that Plaintiffs' provide? The plain language of the statue appears to prohibit Defendants from taking such a second bite at the prior art apple, but so far no case law is dispositive on this issue.

More to the point though, there is no dispute that Defendants' IPR petition falls under 35 U.S.C. § 311, which is limited to challenges under "[35 U.S.C.] section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." This limitation is important because Defendants, in their Answer and Counterclaims, identify invalidity defenses under 35 U.S.C. § 101 and also § 112. (D.I. 14, Third Affirmative Defense). Additionally, Defendants have alleged that the asserted patent is unenforceable. (*Id.*, Tenth Affirmative Defense). These defenses are beyond the possible grounds for an IPR petition and, as a result, this Court will necessarily be forced to adjudicate the validity and enforceability of the patent-in-suit, regardless of what the Patent Office decides to do with Defendants' petition under § 102 and § 103. As such, this factor weights in favor of denying Defendants' motion to stay.

### C.     A Stay Would Not Reduce The Burden On This Litigation

Lastly, a stay will not reduce the burden on this litigation because there are additional issues, including Defendants' affirmative defenses of invalidity (based on 35 U.S.C. § 101 and § 112) and unenforceability, which cannot be raised in an IPR and must therefore necessarily be adjudicated in federal court. Taking discovery on issues relating to validity under § 102 and § 103 will not impose an additional burden because the parties will likely need to take discovery on validity under §101 and §112 anyways. The experts are likely to be same, and the parties have

already exchanged invalidity contentions (and corresponding responses) on <u>all</u> issues of validity. In addition to exchanging positions on all validity issues, Plaintiffs have already served initial infringement contentions. Plaintiffs have also drafted and served discovery. As a result, the parties have already taken many positions, and a stay would not save any additional burden.

## IV.    CONCLUSION

Weighing the factors described above demonstrates that Defendants' motion to stay should be denied. Granting a stay would prejudice Plaintiffs because of the limited remaining patent term, and also because it would allow Defendants to continue selling their competing product to the marketplace. This delay is especially unwarranted because Defendants' IPR petition has not even been granted. But, even if it were granted, this litigation should not be stayed because the parties have already exchanged their positions on validity, and because Defendants' affirmative defenses and counterclaims include validity issues that the Patent Office is unable to address in an IPR.

Respectfully submitted,

_____/s/ Raymond P. Niro, Jr._____
Raymond P. Niro, Jr.
Frederick C. Laney
Joseph A. Culig
Oliver D. Yang
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
RNiroJr@nshn.com; Laney@nshn.com;
JCulig@nshn.com; OYang@nshn.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 4, 2013 the foregoing

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY LITIGATION
PENDING *INTER PARTES* REVIEW OF THE PATENT-IN-SUIT**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

J. Aron Carnahan                           Henry S. Alford
HUSCH BLACKWELL LLP              Robert J. Theuerkauf
120 South Riverside – 22d Floor        MIDDLETON REUTLINGER
Chicago, Illinois 60606                     401 S. Fourth Street, Suite 2600
(312) 665-1500                               Louisville, Kentucky 40202
Fax: (312) 655-1501                         (502) 584-1135
Aron.Carnahan@huschblackwell.com    Fax: (502) 561-0442
                                                  halford@middletonlaw.com
                                                  rjt@middletonlaw.com

I certify that all parties in this case are represented by counsel who are CM/ECF participants.


                              _____/s/ Raymond P. Niro, Jr._____
                              Attorneys for Plaintiffs
                              NIRO, HALLER & NIRO