## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BLACK & DECKER INC. and BLACK & DECKER (U.S.) INC., | )<br>)  Case No. 13 CV 3075<br>) |
| Plaintiff, | )  Judge Joan B. Gottschall |
| v. | )<br>) |
| POSITEC USA INC. and RW DIRECT, INC., | )<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Black & Decker Inc. and Black & Decker (U.S.) Inc. (collectively "plaintiffs")

allege that defendants Positec USA Inc. and RW Direct Inc. and collectively "defendants")

infringe claim 16 of U.S. Patent No. 5,544,417 (sometimes "417 patent") by selling certain

WORX®-branded products in the United States. *See* Compl. ¶¶ 17-44, ECF No. 1); *see also*

Pl.'s Resp. to Defs.' Stmt. of Facts ("Resp. to SOF") ¶¶ 1–6, 8 ECF No. 116 (describing the

parties and accused products). The patent-in-suit is entitled "Multi-Purpose Motor Mounting

System for a String Trimmer," which is a power tool used to cut outdoor vegetation. *See* 417

patent col. 1, ll 1-2 ECF No. 24-1 at 6 (specification). Defendants have filed counterclaims for a

declaratory judgment of non-infringement, invalidity, and unenforceability. Ans. ¶¶ 10-11, 14-

15, 18-22, ECF No. 14.

Defendants' motion for summary judgment of noninfringement is before the court.

"Evaluation of summary judgment of noninfringement is a two-part inquiry: first, a court

construes the scope and meaning of the asserted patent claims, and then compares the construed

claims to the accused product or process." *Medgraph, Inc. v. Medtronic, Inc.*, 843 F.3d 942, 949

(Fed. Cir. 2016) (citing *Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282, 1288 (Fed. Cir. 2009)).

Defendants raise a single argument.  They contend that no reasonable jury could find infringement of the "motor mounting plate" limitation in claim 16 of the 417 patent.  Mem. Supp. Mot. Summ. J. 1–2, 11–14, ECF No. 113.  The text of Claim 16 follows with the language at issue emphasized:

16.  A method for assembling an outdoor power tool, the method comprising:

forming a first housing section having a circumferential groove formed in an interior wall thereof;

forming a second housing section having a circumferential groove formed in an interior wall thereof;

fixedly securing a *motor mounting plate* to a motor;

inserting a portion of said motor mounting plate into said circumferential groove in said second housing section;

placing said first housing section against said second housing section to cause a portion of said mounting plate to engage within said circumferential groove in said interior wall of said first housing section, to thereby cause said mounting plate to be supported at a plurality of positions by said circumferential grooves, to thereby enable said motor to be supported within said first and second housing sections without said motor contacting any portion of said interior walls of said first and second housing sections; and

securing said first housing section to said second housing section.

417 patent col. 10, ll.11-31, Def.'s Ex. AECF No. 24-1 at 10 (emphasis added).

## I. Claim Construction Rulings

The Federal Circuit and this court have previously construed separate terms of claim 16. In 2016, the Federal Circuit reviewed the U.S. Patent Trial and Appeals Board's resolution of *inter partes* review proceeding concerning the 417 patent.  *Black & Decker, Inc. v. Positec USA, Inc.*, 646 F. App'x 1019 (Fed. Cir. 2016) (unpublished).  Upholding the board's decision, the Federal Circuit ruled that the terms "fixedly" and "fixedly securing" mean "fastened such that relative movement is prevented."  *Id*. at 1024–25.

This court construed certain terms in claim 16 in 2018. In accordance with this court's Local Patent Rules, the parties submitted claim construction briefing, and the court construed four contested terms of the 17 patent. *See Black & Decker, Inc. v. Positec, LLC*, No. 13-CV-3075, slip op. (N.D. Ill. Sept. 20, 2018), available at ECF No. 97. The court construed the phrase "motor mounting plate" as meaning "a motor mounting plate which is planar."[1] *Id*. at 9. That construction, the court explained, best accounted for the language of the claims and the intrinsic evidence. *Id*. at 9–11. Plaintiffs provided extrinsic evidence, such as a picture of a conventional dinner plate, but the court found it unpersuasive. *See id*. at 11–12. Finally, the court rejected plaintiffs' arguments that this construction excluded the preferred embodiments depicted in the 417 patent. *Id*. at 13. Combining the claim construction rulings with the language of the 417 patent yields the following step in claim 16: fastening a motor to a motor mounting plate which is planar such that relative movement is prevented.

## II. Comparison of Accused Products to the Claim

Whether a properly construed patent has been infringed is a question of fact, so "summary judgment of noninfringement is proper when no reasonable factfinder could find that the accused product contains every claim limitation or its equivalent." *Medgraph, Inc. v. Medtronic, Inc.*, 843 F.3d 942, 949 (Fed. Cir. 2016) (citations omitted). In making this determination, "all reasonably disputed material facts and factual inferences are resolved in favor of the nonmovant," the plaintiffs here. *Brown v. 3M*, 265 F.3d 1349, 1351 (Fed. Cir. 2001).

With these principles in mind, the court compares the accused products with the 417 patent as construed above. Figures one, two, and three below depict preferred embodiments in the 417 patent. Item 40 corresponds to the "motor mounting plate," which has been construed to mean a

---

[1] The parties appear not to agree on the meaning of the term "planar." They seem to think it is a factual issue for the jury. The court is not so sure.

"motor mounting plate which is planar." *Black & Decker, Inc. v. Positec*, No. 13-CV-3075, slip op. at 9 (N.D. Ill. Sept. 20, 2018).

It is undisputed that the accused products use "two styles of motor mounting structures." Resp. to SOF ¶ 9. Figures one and two illustrate the two styles. *See id*. (images undisputed).



Fig. 1



Fig. 2



Fig. 3

4

Plaintiffs argue that a reasonable jury could find infringement because "the motor mounting plates of the Accused Products have *planar* surfaces." Resp. to Mot. Summ. J. 4, ECF No. 115. They rely heavily on the infringement and rebuttal reports of their expert, Christine H. Potter ("Potter"). *See id*. at 4–16; see also Potter Infringement Report, Pl.'s Tab 1, ECF No. 116-2 pp. 1–27; Rebuttal Report, *id*. at 28–80; *see also* Resp. to SOF ¶¶ 10–18, 21).[2] Plaintiffs also attempt to create a fact issue by pointing to portions of the reports of defendants' expert, Dr. Glenn Stevick ("Stevik."). *See* Stevik Infringement Report, Defs.' Tab P, ECF No. 117-14; Stevick Invalidity Report, Pls' Ex. 2, ECF No. 116-3. The court examines each report in turn.

**A. Potter's Infringement Report**

A Black & Decker Vice President, Potter earned an undergraduate degree in mechanical engineering. Potter Infringement Report 23. Regarding the highlighting in figures four and five, Potter states, "Each of the motor mounting structures included a motor mounting plate (highlighted in red below) and a portion (highlighted in green below) through which mounting screws were passed into threaded features of the motors." Potter Report 11. Above these images, Potter's report states, "As shown below, the motor mounting plates are planar." *Id*. at 12. The figures follow:



Fig. 4                    Fig. 5

---

[2] In paragraph 17 of plaintiffs' response to defendants' statement of undisputed material facts, plaintiffs object to certain characterizations of Potter's noninfringement report. The court construes the report in the light most favorable to plaintiffs.

In their response, defendants assert that Potter provided "detailed factual evidence that at least one side of the motor mounting plate is planar."[3] Resp. to Mot. to Dismiss 6. Potter's opinions do not create a fact issue for two reasons.

First, Potter offers no explanation of how she reached her conclusions. *See id*. at 11–12. By highlighting the images, Potter implies two opinions: (1) that someone ordinarily skilled in the art would consider the red highlighted portions to be motor mounting plates and (2) that the motor mounting plates are planar. As the parties have not provided a definition of planar, neither does Potter.

"In order for 'an expert report to create a genuine issue of fact, it must provide not merely ... conclusions, but the basis for the conclusions.'" *Bourke v. Conger*, •639 F.3d 344, 348 (7th Cir. 2011) (quoting *Vollmert v. Wis. Dep't of Transp.*, 197 F.3d 293, 298 (7th Cir.1999)) (other citation omitted); *see also Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373–74 (Fed.Cir. 2008) (applying standard to expert opinions on obviousness). The Seventh Circuit has repeatedly admonished litigants: "An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process." *Cripe v. Henkel Corp.*, 858 F.3d 1110, 1113 (7th Cir. 2017) (quoting *Mid-State Fertilizer Co. v. Exchange Na'tl Bank of Chicago*, 877 F.2d 1333, 1339 (7th Cir. 1989). A bottom line, albeit one embodied in the color coding of an image, is all Potter supplies on pages 11 and 12 of her expert report, so those opinions do not create a genuine fact dispute requiring a trial. *See id*. at 1110–11 (affirming summary judgment and exclusion of expert report which did not explain the basis for its conclusions).

---

[3] It is possible to read Potter's report as meaning that green highlighting indicates a separate component of the motor mounting structure distinct form the motor mounting plate. Plaintiff's not advocate this reading in their briefing.

Second, Potter's analysis does not grapple with the nature of claim 16. Claim 16 is a method claim. "A method patent claims a number of steps; . . . the patent is not infringed unless all the steps are carried out." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) (citation omitted). The step at issue here involves "fixedly securing a motor mounting plate to a motor." 417 patent Col. 10, ll. 17, ECF No. 24-1. As construed by the Federal Circuit, "fixedly securing" means "fastening such that relative motion is prevented." *Black & Decker, Inc. v. Positec USA, Inc.*, 646 F. App'x 1019, 1025 (Fed Cir. 2016).

Additionally, a pair of images in plaintiffs' statement of additional facts, reproduced below as figures 6 and 7, show that the ring-like structure at issue (which defendants call a flange) does not extend in a plane. *See* Pls.' SAF ¶ 6.

Again, Potter uses red highlighting in figures four and five above to indicate the motor mounting plate and green to indicate "a portion" of the motor mounting plate through which screws are passed. Potter Report 11. Figures six and seven below show that the highlighted portions of figures four and five compromise a single, integrated piece (highlighted in blue) that is fastened to the motor during assembly of the accused products (integrated motor mounting structure). *See* Potter Infringement Report 11–12. Plaintiffs point to no evidence, and the court sees none, that relative motion of the motor and this integrated motor mounting structure is possible once the two pieces are fastened together. And plaintiffs do not even suggest that the integrated motor mounting structure is flat. They and Potter maintain only that certain surfaces of the motor mounting structures are flat. Pls.' SAF p. 14 ¶ 9 (quoting Stevick Infringement Report ¶ 64); *see also* Resp. to Mot. Summ. J. 4–9; Pls' SAF p. 14 ¶ 10.

7



(Accused Product WG112
(as shown in BD000214, Tab K,
Dkt. #114-12))

Fig. 6



(Accused Product WG160
(as shown in BD000304, Tab N,
Dkt. #114-15))

Fig. 7

For all of these reasons, when Potter's report is viewed in the light most favorable to plaintiffs, no reasonable jury could find that defendants perform the step of fastening a planar motor mounting plate to the engine such that relative motion is prevented.

**B. Stevick's Report**

Plaintiffs quote Stevick's opinion expressed in his non-infringement report that "[a] person of ordinary skill in the art would understand a 'planar' mounting plate to be a mounting plate having a surface that extends in a plane." Pls.' Statement of Additional Facts (SAF) ECF No. 116 at 14 ¶ 9 (citing Stevick Non-Infringement Report ¶ 64). Plaintiffs cite nothing contradicting this opinion. Rather, they build their argument around it, contending that Potter's report demonstrates

that the accused products' motor mounting structures have at least one surface that extends in a plane. *See* Pls. Resp. to Mot. Summ. J. at 6–9. Defendants contend that this statement has been taken out of context because Stevick opines specifically that the accused products do not practice the motor mounting plate limitation. *See id*. ¶¶ 64–66. Regardless, as explained below, Stevick's invalidity report creates a fact issue concerning what a person skilled in the art would understand a planar motor mounting plate to be.

Plaintiffs first challenge Stevick's rebuttal analysis of Potter's infringement report, contending that it is flawed. *See* Resp. to Mot. Summ. J. 9–13. They submit that if Stevick's approach is applied to the preferred embodiments in the 417 patent (figure 8 is the original figure in the patent; figure 9 is a modified version of this figure), then the embodiments are excluded from claim 16 because they have "nonplanar" surfaces in the center, i.e., a small aperture. *See Accent Packaging, Inc. v. Leggett & Platt, Inc.,* 707 F.3d 1318 (Fed. Cir. 2013) (discussing rule that claim constructions that exclude preferred embodiments are generally disfavored).

9



Fig. 8                                    Fig. 9

As plaintiffs' reliance on *Accent Packaging*, Resp. to Mot. Summ. J. 11, demonstrates,

they are effectively asking the court to revisit claim construction. This court declines to revisit

its claim construction rulings. *See Solaia Tech. LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797,

816 (N.D. Ill. 2005) (declining to consider exhibit at summary judgment that effectively sought

to revisit claim construction by making 14 pages of new arguments); *LoggerHead Tools, LLC v.*

*Sears Holding Corporation*, 328 F.Supp.3d 885, 896–97 (N.D. Ill. 2018) (discussing general

principles regarding revisiting claim construction rulings). Plaintiffs' final argument has merit,

however. They point to Stevick's opinions in his invalidity report that a claim in a prior art

patent, referred to as the "MACK patent," disclosed a planar motor mounting plate. *See* Pls.'

SAF ¶¶ 14–16; Stevick Invalidity Report ¶¶ 101, 182.

Stevick identified Item 45 in figure 10 below as a planar motor mounting plate. Item 45 is sufficiently similar to the integrated motor mounting structure in the accused products (see figs. 6 and 7 above) for a jury to find infringement. Defendants do not argue otherwise. *See* Reply 9–10. Defendants concede that Stevick identified item 45 in figure 10 below as a planar motor mounting plate, but they contend that his opinion is irrelevant because he expressed it in an invalidity report rather than in his non-infringement report. *See* Reply Supp. Mot. Summ. J. 9–10, ECF No. 117; Stevick Invalidity Report ¶¶ 101, 189.



Fig. 10

May the jury properly rely on Stevick's opinions that item 45 is a planar motor mounting plate even though he expressed them in an invalidity report? Defendants answer no, citing one case. Reply 10. The case defendants cite explains that non-infringement and invalidity are separate and distinct issues, but it does not decide the evidentiary question of relevance at all. *See Pandrol USA, LP v. Airboss Railway Prods., Inc.*, 320 F.3d 1354, 1364–66 (Fed. Cir. 2003); Fed. R. Evid. 401, 402 (defining relevance in the evidentiary sense). The Federal Circuit confronted a waiver problem in *Pandrol*: the district court held that the defendants had waived an invalidity defense they wanted to present at trial by omitting the issue from a pretrial summary judgment motion. *See id.* at 1357. The Federal Circuit held that "the issue of

11

invalidity is a separate issue from infringement, and an alleged infringer's failure to raise it in

opposition to a motion for summary judgment of infringement is not a waiver." *Id*. at 1365.

In his invalidity report, Stevick specifically opines on obviousness, an invalidity issue,

and expresses his views on how a person of ordinary skill in the art would have understood the

teachings of the MAC patent. Stevick Report ¶ 36-7. When adequately supported, this is an

appropriate subject for an expert opinion on invalidity. *See, e.g.*, *Meyer Intellectual Props. Ltd.*

*v. Bodum, Inc.*, 690 F.3d 13544, 1377 (Fed. Cir. 2012) (holding expert opinion on obviousness

was admissible and noting that the expert adequately defined what a prior art patent would teach

a person skilled in the art). More importantly, the Federal Circuit has held that a jury may

properly consider admissible expert testimony, such as scientific testimony, on how one skilled

in the art would understand terms used in the patent to assist it in analyzing an infringement

claim. *Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc*, 249 F.3d 1341,

1349 (Fed. Cir. 2001) (holding that district court properly admitted competing scientific

testimony and stating that "it would contravene fundamental principles of due and fair process to

withhold evidence of disparate scientific opinion relevant to the findings—in this case of

infringement *vel non*—required of the jury); see also *First Years, Inc. v. Munchkin, Inc*, 575

F.Supp.2d 1002, 1008 (W.D. Wis. 2008) (holding opinions expressed in expert's invalidity

report were "also . . . relevant to infringement"). Stevick's invalidity opinions, viewed

favorably to the plaintiffs, permit a finding that item 45 in figure 10 is a proper comparator for a

planar motor mounting plate. His opinions are therefore relevant, and they create genuine fact

issue for trial.[4]

---

[4] Defendants have not argued that Stevick's opinions are inadmissible except on the grounds discussed in the text. The court implies no view on any evidentiary issues which may be raised at a later stage of this case.

### III. CONCLUSION

For the reasons stated, defendant's motion for summary judgment of invalidity is denied.


Dated:  February 20, 2020                              /s/

                                                Joan B. Gottschall
                                                United States District Judge